Dear Mayor Zabbia:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask what steps your city should take to satisfy its obligations to former, retired and current employees who were not exempted from the provisions of La. R.S. 11:2214 and continue to be members of the Municipal Employee Retirement System (MERS) instead of the Municipal Police Employee Retirement System (MPERS). You also state that all employees hired since 1999 are members of MPERS.
According to La. R.S. 11:2214(2)(a), the statute which requires membership in MPERS:
 (2)(a) Except as provided further in this Paragraph, any person who becomes an employee as defined in R.S. 11:2213 on and after September 9, 1977, shall
become a member as a condition of his employment, provided he is under fifty years of age at the date of employment. (Emphasis added).
It is apparent that the word "shall" in this part of the statute means that membership in MPERS is mandatory for employees who are hired on or after September 9, 1977, and who are under 50 years old. The rest of paragraph 2 goes on to exempt the employees of the municipalities of Houma and Baton Rouge from mandatory membership in this retirement system as well as any other municipality which enacted an ordinance prior to January 1, 1978, exempting its employees. This paragraph also has provisions for physical examinations for employees hired on or after July 1, 2003, and for persons who are receiving disability benefits when they are hired and who are not already members of MPERS. Nothing in this statute exempts Ponchatoula since your city did not enact an ordinance exempting its employees. *Page 2 
It should also be noted that La. R.S. 11:2214.2 allows for employees defined as such in La. R.S. 11:2213(11) who are members of another public retirement system, plan, or fund, who at a later date become eligible for membership in MPERS, to remain a member of their current system by filing notice with the board of the employee's current system and with the board of MPERS within one year after becoming eligible for MPERS membership. In contrast, if an employee is a member of another system and elects to become a member of MPERS, he is allowed to purchase any service credit for which he does not already have credit if he would have met the definition of employee at the time the service was rendered.
As stated previously, the Municipal Police Employees' Retirement System requires membership for employees who are not exempted in any of the scenarios described above. Section 2213(11) delineates employees who are required to be members as any of the following:
 (11) "Employee" shall mean any of the following classifications:
 (a)(i) Any full-time police officer, empowered to make arrests.
 (ii) Any full-time police officer, decommissioned due to illness or injury, employed by a municipality of the state of Louisiana, and engaged in law enforcement.
 (iii) Any person in a position as defined in the municipal fire and police civil service system who is employed on a full-time basis by a police department of any municipality of this state, who is under the direction of a chief of police, and who is paid from the budget of the applicable police department.
 (iv) Any person listed in this Subparagraph shall only be defined as an employee if he is earning at least three hundred seventy-five dollars per month excluding state supplemental pay.
 (b) Any elected chief of police whose salary is at least one hundred dollars per month per month.
 (c) Any academy recruit, who shall be defined as a full-time municipal employee, who is participating in, or who is awaiting participation in, a formal training program as required by Peace Officer Standards and Training Certification previous to commission as a municipal police officer, with complete law enforcement officer authority. *Page 3 
 (d) Any full-time secretary to an appointed chief or elected chief of police.
(e) Any full-time employee of this system.
 (f) Employee shall not mean a city or ward marshal or deputy marshal, nor shall this term be construed to include any elected councilman or mayor of any city.
Since you state in your opinion request that Ponchatoula did not exempt its employees from MPERS membership by passing an ordinance to that effect, it seems that it was mandatory that some of your employees should have been enrolled in MPERS and your first step in remedying the situation is determining which employees are improperly in MERS and not MPERS. This would include employees who were under 50 years old at the date of employment, those who did not file notice with the boards of MERS and MPERS electing to remain in MERS, and those who were not receiving disability benefits from another law enforcement or police retirement or pension plan when they were hired.
Next, it would appear that your city or the employees who were improperly in MERS should contact MERS to determine how much has been paid into that system on their behalf, whether MERS will return these funds or transfer the funds to MPERS and whether interest earned on these funds will be refunded or transferred.
After this information is obtained from MERS, MPERS should be contacted to determine how much more is owed in employee and employer contributions for each employee to be a member of MPERS. It is then a question for your city council to determine if your city will pay the additional employer contribution plus interest for each employee. With regard to the employee contribution to MPERS, there is no statute that deals with employees who are placed in MERS rather than MPERS; however, there is a statute which is not controlling in your situation but deals with the Louisiana State Employees Retirement System and may be used for guidance. This statute, La. R.S. 11:423, is as follows:
 State service for which credit has not been received due to administrative error.
 A. Notwithstanding any other provision of law to the contrary, but in accordance with applicable laws relative to determining whether such state service is or was creditable, any person who was denied membership in the system for any state employment rendered in a position that should have made membership mandatory as a condition of employment, but was not so *Page 4 
enrolled due to an administrative error on the part of the agency where so employed, shall be entitled to receive service credit for the period denied.
 B. The appointing authority or personnel officer of the agency wherein the service was performed shall certify the inclusive dates of employment, the base pay and earned compensation of the employee during the period, whether the employment was full-time or part-time, whether the employment was performed on a job appointment, interment or emergency basis, and the reason the member was nor enrolled in the system at the time of employment.
 C. State service previously denied to the member and deemed as creditable by the board may be purchased, provided application is filed with the retirement system as outlined in Subsection B of this Section. In addition, the member shall pay into the system an amount equal to the current employee contributions based on the member's earned compensation at the time the service was performed, plus compound interest at the current board-approved actuarial valuation rate from date of service until paid, and the employing agency where such service was denied (or its successor agency) shall pay into the system an amount equal to the greater of actuarial cost to the system of any additional retirement benefits payable as a result of the receipt of service credit as authorized by this Section or the sum of the employer contributions which would have been due plus interest thereon at the board-approved actuarial valuation rate, minus the amount to be paid by the member. No service credit shall be allowed until both the employee and employer have paid in full and prior to retirement the amounts described above.
As stated previously, this statute is not controlling in your situation, but does provide an equitable means to remedy the situation.
Additionally, contributions of public funds to pension and insurance programs for the benefit of public employees, must be specifically authorized by law, and must be made in payment of some legal obligation. See City of Port Allen v. LouisianaMunicipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983). While the employer's portion of the "retirement" contribution is authorized by law and made pursuant to a legal obligation, there is no authority for the employer to pay the employee's portion of the contribution. An employer doing so would violate Article VII, Sec. 14(A) of the Louisiana Constitution. Therefore, payment by the City of Ponchatoula of its portion of the retirement contribution does not violate this article; however, the City of Ponchatoula may not lawfully pay the employee's portion. *Page 5 
In closing, it is suggested that you confer with your city attorney to assess liability issues the city may have in this situation and how he suggests those issues be resolved.
We trust your questions have been addressed; however, if you should need anything further, do not hesitate to contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: _________________________
 FRANCES J. PITMAN
 ASSISTANT ATTORNEY GENERAL